# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**MARK LESLIE HATFIELD**                                                    **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 4:17-CV-P12-JHM**

**DAVIESS COUNTY DET. CENTER** *et al.*                                   **DEFENDANTS**

## MEMORANDUM OPINION

This is a civil rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Mark Leslie Hatfield leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Daviess County Detention Center (DCDC) and DCDC Lieutenant Marty Teasley in his official capacity.[1,2] In his complaint, Plaintiff states as follows:

> Lt. Marty Teasley came into the hole and accused me and my cellmate of banging on the cell door and as a consequence of that he told the C.O. working shift that me and my cellmate could not be given our daily Rec (our One Hour Out) I wasn't banging on my cell door He never seen me bang on my cell door and when he asked me and my cellmate if we were banging we told him "NO" However he still took our recreation we are supposed to get that 60 minutes out that's our right not only was I not banging on my cell door However I believe he took my hour of rec time as retaliation for my filing a PREA report against him prior to this regardless of the reasons why my 1 hour of recreation should not have been taken from me I have that coming that is my right and I never banged on NO door or kicked it. And even if I did which I didn't I wasn't supposed to get my hour out

---

[1] Plaintiff lists DCDC as the only defendant in the caption of his complaint form but lists Lt. Teasley as the only defendant in the "Defendants" section of the complaint form. For purposes of this initial review, the Court will construe Plaintiff's complaint as naming both as Defendants.

[2] Although Plaintiff confusingly indicates in his complaint that he is both a "convicted prisoner" and a "pretrial detainee," the Kentucky Department of Corrections website indicates that he is a convicted prisoner. http://kool.corrections.ky.gov/KOOL/Details/461172

for another 8 hours so you can't say I was so disruptive by kicking a door 8 hours prior.

As relief, Plaintiff seeks compensatory damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all

potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. DCDC and Official-Capacity Claim against Defendant Teasley

First, the Court will dismiss the claims against DCDC because it is not an entity subject to suit under § 1983. *Matthews v. Jones,* F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against the detention center are against Daviess County as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). In addition, "[o]fficial-capacity suits . . . 'generally represent another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Teasley is actually also against Daviess County. *See Lambert v. Hartman*, 517 F.3d

3

433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138, 108 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff has not claimed that any alleged constitutional injury was the result of an official custom or policy of Daviess County. As such, the Court will dismiss Plaintiff's claims against Daviess County, including his official-capacity claim against Defendant Teasley, for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims against Defendant Teasley

Plaintiff has not sued Defendant Teasley in his individual capacity. However, a court may provide a plaintiff an opportunity to amend his complaint to prevent dismissal under the Prison Litigation Reform Act. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Thus, the Court will analyze the claims Plaintiff seemingly seeks to bring against Defendant Teasley in his individual capacity to determine whether any amendment by Plaintiff would have merit.

#### 1. Due Process

Plaintiff first seems to claim that Defendant Teasley violated his due process rights by denying him one hour of recreation on one occasion as punishment for allegedly kicking a door. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v. Wilkinson*, 51 F. App'x 553, 556 (6th Cir. 2002).

Courts have regularly held that the loss of recreational privileges does not amount to an "atypical and significant hardship" under *Sandin*. *See, e.g.*, *Durham v. Jeffreys*, No. 1:13-cv-226, 2013 U.S. Dist. LEXIS 166397, at *11-14 (S.D. Ohio Nov. 22, 2013) (Report & Recommendation) (holding that being allowed out of a cell for recreation for only one hour during a 100-day segregation period did not constitute an "atypical and significant hardship" under *Sandin*), *adopted by* 2014 U.S. Dist. LEXIS 2037 (S.D. Ohio Jan. 8, 2014); *Davis v. Collins*, No. 4:13CV140 CDP, 2013 U.S. Dist. LEXIS 95072, at *10 (E.D. Mo. July 9,

2013) ("Under the standards set forth in *Sandin*, the loss of recreation time cannot be said to be atypical, significant deprivations that could encroach upon any liberty interest."); *Brown v. LeBlanc*, No. 09-1477-P, 2013 U.S. Dist. LEXIS 67157, at *23-25 (W.D. La. Mar. 27, 2013) (Report & Recommendation) ("12 weeks loss of yard/recreation privileges does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns"), *adopted by* 2013 U.S. Dist. LEXIS 67225 (W.D. La. May 9, 2013).

Thus, the Court finds that even if Plaintiff had sued Defendant Teasley in his individual capacity for a violation of his due process rights, his claim would fail because his "punishment" does not constitute a deprivation significant enough to implicate due process concerns.

**2. Retaliation**

Plaintiff also alleges that Defendant Teasley may have denied him the one hour of recreation in retaliation for Plaintiff filing a Prison Rape Elimination Act (PREA) complaint against him.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Significantly, "[n]ot every action is an adverse action; *de minimus* slights and inconveniences do not qualify." *Pasley v. Conerly*, No. 2:08-cv-13185, 2010 U.S. Dist. LEXIS 104763, at *33 (E.D. Mich. Sept. 10, 2010).

Here, the Court finds that Plaintiff cannot state a retaliation claim against Defendant Teasley in his individual capacity because the alleged denial of a one-hour recreation period on one occasion does not rise to the level of an "adverse action." *See, e.g.*, *Burgos v. Canino*, 358 F. App'x 302, 307 (3d Cir. 2009) (holding that urinalysis, harassment, threats, temporary inconveniences, and denial of recreation did not rise to level of adverse action against prisoner); *Walker v. Bowersox*, 526 F.3d 1186, 1190 (8th Cir. 2008) (stating "the two incidents when Knarr directed others to give Walker an alternative meal, although purportedly retaliatory, were not sufficiently severe to amount to a constitutional violation"); *Gill v. Tuttle*, 93 F. App'x 301, 303-04 (2d Cir. 2004) (explaining that to establish a retaliation claim, an inmate must allege adverse action that imposes a substantial impact on inmate); *Thaddeus-X v. Blatter*, 175 F.3d at 398 ("Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse.").

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date: May 1, 2017

Joseph H. McKinley, Jr., Chief Judge
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
Daviess County Attorney
4414.011

7